**Helen Ann BOWERS, Plaintiff-Appellant,**

v.

**D. C. CAMPBELL et al., Defendants-Appellees.**

**No. 72-1273.**

United States Court of Appeals, Ninth Circuit.

Oct. 24, 1974.

---

Russell W. Galloway, Jr. (argued), Legal Aid Society of Alameda County, Oakland, Cal., for plaintiff-appellant.

Brian B. Denton, Asst. U. S. Atty. (argued), San Francisco, Cal., for defendants-appellees.

Before BARNES, MERRILL and HUFSTEDLER, Circuit Judges.

## OPINION

HUFSTEDLER, Circuit Judge:

■ Bowers, a federal civilian employee, filed a complaint seeking injunctive and declaratory relief and back pay against the officers of the United States Air Station in Alameda, California ("NAS"), claiming that her removal from a trainee position, denial of later promotions, harassment, and reprimands were based on racial discrimination. Before she brought suit in the federal district court, she fully exhausted her administrative remedies.[1] She then invoked federal jurisdiction under 42 U.S. C. § 1981,[2] 28 U.S.C. §§ 1331, 1343(4), and 5 U.S.C. §§ 701–706.

The district court held that jurisdiction under 28 U.S.C. § 1331 was lacking because the matter in controversy did not exceed $10,000. Although the court recognized that jurisdiction was properly invoked under both 28 U.S.C. § 1343(4) and the Administrative Procedure Act (5 U.S.C. §§ 701–706), it characterized the action as a request for judicial review of an administrative proceeding. The court thereupon denied her a de novo trial on the merits of her civil rights action and confined its exercise of jurisdiction to a review of the administrative record. After reviewing the record, the court concluded that ad-ministrative rejection of her claims of racial discrimination was not arbitrary or capricious and that procedural errors had not been committed. Partial summary judgment was entered accordingly. The case comes before us on interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[3]

The appeal presents the following issues:

(1) Does 42 U.S.C. § 1981 operating in conjunction with 28 U.S.C. § 1343(4) confer federal jurisdiction in this action charging federal officials with racial discrimination?

(2) Is sovereign immunity a jurisdictional bar to her civil rights action?

(3) If jurisdiction lies under both the Civil Rights Act and the Administrative Procedure Act, is Bowers entitled to a trial de novo or a more restrictive form of judicial review on her civil rights claim?

### I

■ Bowers' complaint stated a claim for relief under section 1981. Contrary to respondents' contention, section 1981 applies to employment discrimination by federal officials; it is not confined to state or private action.

The Supreme Court has noted that "like the [Thirteenth] Amendment upon which it is based, § 1982 is not a 'mere prohibition of state laws establishing or upholding' racial discrimination in the sale or rental of property but, rather, an 'absolute' bar to all such discrimination, private as well as public, federal as well

1. She filed a complaint charging racial discrimination at NAS and participated in an extended series of hearings in 1964, 1965, and 1967. She processed her appeals through the Department of the Navy, the President's Committee on Equal Employment Opportunity, and the Civil Service Commission Board of Appeals and Review. All of the proceedings terminated adversely to her.

2. Respondents contend that Bowers' complaint cannot be founded on section 1981 because she did not specifically cite the section in the complaint. Their attempt to evoke wholly outmoded technical pleading rules is

fruitless. She alleged all of the facts required to state a claim under section 1981. She was not required specifically to plead the statutory provision conferring jurisdiction. (Williams v. United States (9th Cir. 1969) 405 F.2d 951.) Moreover, respondents were fully aware of her reliance on section 1981 when the motions for summary judgment were filed.

3. We disregard developments that occurred after the district court retained jurisdiction and limited the scope of judicial review because none of them bears on the issues presented on this appeal.

as state." (District of Columbia v. Carter (1973) 409 U.S. 418, 422, 93 S. Ct. 602, 605, 34 L.Ed.2d 613.) Section 1981, like section 1982, is based on the Thirteenth Amendment and the Civil Rights Act of 1866. (Tillman v. Wheaton-Haven Recreation Ass'n (1974) 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403.[4] Both sections on their face prohibit all racial discrimination regardless of source, in contrast to 42 U.S.C. § 1983, based on the Fourteenth Amendment, which "deals only with those deprivations of rights that are accomplished under the color of the law 'of any State or Territory.' " (District of Columbia v. Carter, *supra*, 409 U.S. at 424, 93 S.Ct. at 606.) The Supreme Court's reasons for its broad, literal construction of section 1982 apply with equal force to section 1981. (*See* Macklin v. Spector Freight Systems, Inc. (1973) 156 U.S. App.D.C. 69, 478 F.2d 979, 993–994.)

■ Bowers properly invoked federal jurisdiction pursuant to 28 U.S.C. § 1343(4) to vindicate her rights under 42 U.S.C. § 1981. No monetary minimum is necessary to sustain jurisdiction under these circumstances. (Jones v. Alfred H. Mayer Co. (1968) 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189.)

## II

■ Sovereign immunity poses no jurisdictional bar to Bowers' action against the named NAS officials. If Bowers eventually prevails on her section 1981 claim, it will be because the federal officials have engaged in racially discriminatory employment practices that are forbidden by that section. "[W]here the [federal] officer's powers are limited by statute, his actions beyond those limitations are considered in-dividual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are *ultra vires* his authority and therefore may be made the object of specific relief." (Larson v. Domestic & Foreign Commerce Corp. (1949) 337 U.S. 682, 689, 69 S.Ct. 1457, 1461, 93 L.Ed. 1628.)

Sovereign immunity may limit the relief to which Bowers may ultimately be entitled. (*See, e. g.,* Beale v. Blount (5th Cir. 1972), 461 F.2d 1133, 1137–38.) But we have no occasion on this limited interlocutory appeal to speculate about the restrictions that may be imposed upon any relief that she may be granted.

## III

More difficult is the question of the nature of the judicial review to which Bowers is entitled. We have discovered no case that has considered the appropriate standard of review when a plaintiff seeks relief in a civil rights action after unsuccessfully running the Civil Service Commission gauntlet.

Section 1981 actions and judicial review of claims of discrimination administratively processed and brought before the court under the Administrative Procedure Act are separate, coexisting remedies. Their coexistence reflects recognition of the perniciousness and depth of racial discrimination, as a result of which "legislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination." (Alexander v. Gardner-Denver Co. (1974) 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L. Ed.2d 147; *cf.* Oubichon v. North

---

4. The court further explained the history of §§ 1981, 1982:

"The present codification of § 1981 is derived from Revised Statutes § 1977 (1874), which codified the Act of May 31, 1870, § 16, 16 Stat. 144. Although the 1866 Act rested only on the Thirteenth Amendment, . . . and, indeed, was enacted before the Fourteenth Amendment was formally proposed, . . . the 1870

Act was passed pursuant to the Fourteenth, and changes in wording may have reflected the language of the Fourteenth Amendment. . . . The 1866 Act was re-enacted in 1870, and the predecessor of the present § 1981 was to be 'enforced according to the provisions' of the 1866 Act. Act of May 31, 1870, § 18, 16 Stat. 144." (410 U.S. at 439–440 n. 11, 93 S.Ct. at 1095; citations omitted.)

American Rockwell Corp. (9th Cir. 1973) 482 F.2d 569.)

In the action below the district court considered itself constrained to choose between a full de novo evidentiary hearing on Bowers' section 1981 action or the highly restrictive review that is available under the Administrative Procedure Act. We do not think the choice of a proper standard of review is so limited. Rather, we should formulate a standard of judicial review that will accommodate the potentially conflicting policies that underlie affording civil rights actions to individuals and establishing administrative procedures to process discrimination claims.

Creation of an administrative forum through which employment grievances could be processed was a response to the need for dispute resolution mechanisms that would be cheaper and quicker than the courts, for alleviation of the judicial burden, and for fact finding by a body having familiarity with and expertise in the employment context in which the grievance arose. To fulfill these goals, among others, judicial review of determinations by agencies such as the Civil Service Commission has been severely circumscribed. (*E. g.*, Benson v. United States (9th Cir. 1970) 421 F.2d 515; Taylor v. United States Civil Service Comm'n (9th Cir. 1967) 374 F.2d 466; Polcover v. Secretary of Treasury (1973), 155 U.S.App.D.C. 229, 477 F.2d 1223.)

However, the administrative route has not always been effective, and it has even been counterproductive in achieving the overriding purpose of destroying the evil of racial discrimination in employment.[5] Congress has recognized the shortcomings of administrative handling of discrimination claims in federal employment. In response, it passed the Equal Employment Opportunity Act of 1972 (42 U.S.C. § 2000e–16), which substantially upgraded administrative protections against such discrimination.[6] Both Bowers and the Government recognize that the 1972 Act does not apply to the 1963 events involved here.[7] However, we cannot ignore Congress' determination that administrative performance in this area has been wanting.

Nor can we ignore the existence of the administrative structure. Bowers has had the benefit of adversary proceedings of a quasi-judicial nature.

5. Bowers complains that the administrative procedures that she pursued did not give her fact-finding processes equivalent to those available in judicial proceedings, such as discovery, compulsory process, wide-ranging cross-examination, and strict evidentiary rules. Similar deprivations in the arbitral procedure considered in Alexander v. Gardner-Denver Co., *supra*, 415 U.S. at 57–58, 94 S.Ct. 1011, led the court to give de novo judicial review to the employee whose employment discrimination claim was decided adversely to him in the arbitration.

The history of Bowers' discrimination charges is eloquent evidence that her pursuit of administrative justice was neither quick nor cheap.

6. Dissatisfaction with administrative performance in the employment discrimination situation and with the limited nature of judicial review of charges of discrimination in federal employment was the primary reason for enactment of section 11 of the Equal Employment Opportunity Act of 1972 (42 U.S.C. § 2000e–16). The 1972 Act established new remedies for federal employees confronted with employment discrimination. (*See, e. g.*, 118 Cong.Rec. 4929 (1972) (remarks of the Act's co-sponsor, Senator Cranston).) After providing essentially that all personnel actions affecting federal employees are to be free from discrimination and giving the Civil Service Commission (not the EEOC) a wide range of remedial tools to effectuate the statute's explicit mandate, the 1972 Act provides that employees dissatisfied with the final administrative disposition of their complaints or with the failure of the Government to take final action "may file a civil action as provided in section 2000e–5 of this title [Title VII's private remedy provision], in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." (42 U.S.C. § 2000e–16(c).)

7. Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) was not otherwise available to Bowers because the federal government is not included within the definition of "employer" under the Act. (42 U.S.C. § 2000e(b).)

These proceedings are entitled to some dignity, and refusing to accord them this dignity would frustrate the policies favoring administrative resolution of employment grievances. Bowers' case thus presents a very different problem from the somewhat analogous situation of a Title VII suit brought in absence of an EEOC determination that there is reasonable cause to believe that the Act has been violated. In that context, complainants have been held entitled to a full, de novo evidentiary hearing in their civil action, but this decision was made in light of the nonadversary nature of many EEOC proceedings. (McDonnell Douglas Corp. v. Green (1973) 411 U.S. 792, 799, 93 S.Ct. 1817, 36 L.Ed.2d 668.)

We thus confront a situation in which neither of the alternatives considered by the district court satisfactorily accommodates the competing policy needs. Despite the caution with which we must approach the task of prescribing the scope of review to which Bowers is properly entitled, we must hold that the district court erred in confining itself to the restrictive scope of review of agency action sanctioned by the Administrative Procedure Act. The district court abandoned its section 1343(4) jurisdiction and held that when there was jurisdictional overlap, the more restrictive provisions of judicial review must prevail. That rationale, though plausible, does not fit the policy needs of this case and is inconsistent with the reasoning of the cases upholding the coexistence of independent Title VII and section 1981 actions. (*E. g.*, Caldwell v. National Brewing Co. (5th Cir. 1971) 443 F.2d 1044; Macklin v. Spector Freight Systems, Inc., *supra,* 478 F.2d 979.) A requirement of a full de novo hearing would be equally inconsistent with the policy needs presented here.

The Supreme Court has, however, suggested a method of accommodating the competing policies underlying separate, overlapping remedies against discrimination in a comparable context. In Alexander v. Gardner-Denver Co., *supra,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147, the court held that an employee's statutory right to a private action under Title VII is not foreclosed by prior submission of his or her claim of discrimination to arbitration under the nondiscrimination clause of a collective bargaining agreement. But, the court said, "[t]he arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate." (*Id.* at 60, 94 S.Ct. at 1025. Footnote omitted.) Although it did not adopt any standards as to the weight to be accorded an arbitral decision, "since this must be determined in the court's discretion with regard to the facts and circumstances of each case," (*id.* at 60 n. 21, 94 S.Ct. at 1025), the Court noted that "[w]here an arbitral determination gives full consideration to an employee's Title VII rights, a court may properly accord it great weight. This is especially true where the issue is solely one of fact, specifically addressed by the parties and decided by the arbitrator on the basis of an adequate record." (*Id.*)

We adopt a similar approach. To assure that both the complainant and the appropriate government officials take seriously their responsibilities to attempt to resolve charges of discrimination without resort to litigation, the administrative decision and the record on which it is based must be accorded at least as much weight in the district court as that given to the arbitral decision in Alexander v. Gardner-Denver Co. On the other hand, the district court must bear the ultimate responsibility for determining the facts underlying the dispute. Imposition of a lesser duty would drain any significance from continuing access to 42 U.S.C. § 1981 and 28 U.S.C. § 1343(4). The district court cannot discharge its burden merely by deciding that administrative findings are supported by substantial evidence.

■ After the administrative record has been introduced into evidence, the court must consider the final agency determination in the light of the procedural fairness that was accorded to the claimant during the administrative pro-

ceedings and of the adequacy of the record in all other respects bearing upon the discrimination issues. If, in the exercise of its reasoned discretion, the district court finds the record wanting, it can disregard the administrative determination of fact and law on the discrimination issues. If it decides that the agency reached sound conclusions on the basis of proceedings that provided the claimant a full and fair opportunity to present his or her grievances, the court will accord it that deference which is appropriate under all of the circumstances of the case. Both the employee and the employer shall have the right to adduce additional evidence to supplement the administrative record. (*Cf.* Hackley v. Johnson (D.D.C.1973) 360 F.Supp. 1247, 1252–53.)

This hybrid form of original action, with a de novo decision by the district court based primarily on the administrative record (if it is deterimined to be fair and adequate) with provision for the admission of additional evidence should satisfy the policies underlying limited judicial review of agency employment decisions while assuring Bowers the full availability of her federal judicial forum for the final resolution of her discrimination claim.[8]

Our disposition of these issues renders unnecessary consideration of the remaining contentions of the parties.

Bowers shall have her costs on appeal.

The cause is remanded to the district court for further proceedings consistent with the views herein expressed.

MERRILL, Circuit Judge.

I concur in Judge Hufstedler's Opinion.

BARNES, Circuit Judge (dissenting):
I dissent.

As the majority opinion points out, the main issue in this appeal is what scope of review should be exercised by the district court when it has jurisdiction over the subject matter of an action both as an appeal from a final agency decision under 5 U.S.C. § 704, and independently under 28 U.S.C. § 1343(4). It is clear from the statutes involved that if jurisdiction were predicated upon 5 U.S.C. § 704 alone, the narrow and restrictive review provisions of 5 U.S.C. § 706 would apply; and if the case were initially brought under 28 U.S.C. § 1343(4), and without an intermediary agency adjudication, there would be original jurisdiction in the Federal District Court, which would then hear the case as *nisi prius*. However, § 1343(4) does not specifically guarantee a plaintiff a *de novo* trial. A full judicial hearing is merely the result of that section's grant of original jurisdiction when there has been no prior proceeding. In the case at hand we are faced with an overlap of jurisdictional provisions, but I cannot agree with the majority that this overlap should in effect allow plaintiff a second day in court—a hearing *de novo*—when she has already had a full quasi-judicial hearing of her case. A plaintiff is certainly not normally allowed one additional trial *de novo* for each and every jurisdictional basis he can discover for his lawsuit, but this is precisely what the majority is doing here by tinkering with the scope of review.

I think that the court below reached the better resolution in holding that even in the face of a claim of racial discrimination, the review of an agency's decision is limited to that available under § 706. *See* Halsey v. Nitze, 390 F.2d 142, 144 (4th Cir.), cert. denied, 392 U.S. 939, 88 S.Ct. 2316, 20 L.Ed.2d 1399 (1968); Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973); Thompson v. United States Dept. of Justice, Bureau of Narcotics and Dangerous Drugs, 372 F.Supp. 762 (N.D.Cal.1974); Handy v.

8. Our decision here about the proper scope of judicial inquiry after agency action reflects only the policy issues raised by a section 1981 action brought by a federal employee. Different policy considerations may apply to a suit by a federal employee authorized by 42 U.S.C. § 2000e–16 under the 1972 Act. (*See* note 6 *supra.*) We intimate no views concerning the proper scope of inquiry in such a case.

Gayler, 364 F.Supp. 676 (D.Maryland 1973); Carr v. United States, 337 F. Supp. 1172 (N.D.Cal.1972).

The majority's reliance upon Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) for theoretical support for their position is, I feel, misfounded. In that case the Court held that an employee's statutory right to a trial *de novo* under Title VII of the Civil Rights Act of 1964 was not foreclosed by prior submission of his claim to final arbitration under a non-discrimination clause of a collective-bargaining agreement. That case (and for the same reasons Oubichon v. North American Rockwell Corp., 482 F. 2d 569 (9th Cir. 1973)) is distinguishable from the instant case on two very fundamental bases.

First, the Court's holding in *Alexander* was that where plaintiff had both a contractual right and a "distinctly separate" statutory right, the pursuance of one right did not foreclose action upon the other. In the case at hand, plaintiff has but a single right for which she has two overlapping statutory jurisdictional means by which to secure a vindication of that right. (*See* Appellant's Opening Brief at 4–5.)

Second, in suggesting that on remand there ought to be a trial *de novo* at which the proceedings of the administrative agency are merely treated as evidence—a resolution the majority lifts whole cloth from *Alexander*—the majority fails to recognize that the Supreme Court tailored that solution for an entirely different type of situation from the one here presented. Arbitration, which was the matter before the Court in *Alexander* is not designed to resolve plaintiff's rights under the statutes, but rather plaintiff's rights under a contract. In *Alexander* plaintiff did not have a judicial type hearing or its equivalent concerning the merits of his statutory claim. Arbitration is a significantly different process from a judicial hearing, and one not adequate to safeguard or resolve all issues pertaining to plaintiff's rights under the Civil Rights Act.

A quasi-judicial proceeding coupled with review under § 706 however, is adequate to resolve plaintiff's rights in this matter, and is not so disparate from a full judicial hearing in Federal Court to be contrary to the spirit of the Civil Rights Act.

For a second reason, I am concerned by the majority's holding in the instant case. 28 U.S.C. § 1343 is an exceedingly broad section, extending far beyond the cases of racial discrimination. To set forth, as the majority does, the general rule that a trial *de novo* is available, despite a prior agency proceeding, anytime the action could also have been brought under the rubric of § 1343, will, I fear, either give any complainant two shots at a favorable result; *or*, will result in largely supplanting the provisions of § 706, hampering both judicial and administrative efficiency, and adversely affecting judicial respect for agency decisions. Moreover, I fear that we will be sacrificing these goals for little or no increase in the accuracy or fairness in the settlement of claims under the civil rights acts.

I would affirm.