**Alvin FLEMING, Plaintiff,**

**v.**

**William SIMON et al., Defendants.**

**No. C–74–1212–OJC.**

United States District Court,
N. D. California.

June 3, 1975.

John T. Hansen, Hansen & Weiss, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Stephen A. Shefler, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

OLIVER J. CARTER, Chief Judge.

Defendants have moved for a protective order staying discovery pending this Court's disposition of defendants' potential motion to dismiss or for summary judgment. Plaintiff has propounded 16 interrogatories to defendants. Defendants' motion for a protective order was filed on April 4, 1975; as of this date, no motions to dismiss or for summary judgment have been made by defendants.

Plaintiff has brought this action under both Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16) and the Civil Rights Act of 1866 (42 U.S.C. § 1981) on the grounds of racial discrimination in employment. Plaintiff is an employee of the U. S. Customs Bureau; he has exhausted his administrative remedies.

The primary questions before the Court are 1) whether, when an individual is suing under both Title VII and § 1981, the Court can go outside the administrative record and 2) whether the plaintiff is entitled to discovery on the § 1981 claim.

Defendants argue that, where there has been an administrative hearing and subsequently an administrative record, the trial court can only go outside the administrative record if the clear weight of the evidence in the record does not support the administrative findings. *Thompson v. U. S. Dept. of Justice,* 372 F.Supp. 762 (N.D.Cal.1974); *Hackley v. Johnson,* 360 F.Supp. 1247 (D.C.1973). (The Court notes that in neither case was a § 1981 action also at issue).

The Court finds that in light of the Ninth Circuit's decision in *Bowers v. Campbell,* 505 F.2d 1155 (1975) and the recent Supreme Court decision in *Willie Johnson, Jr. v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L. Ed.2d 295 (1975), it must reject defendants' argument.

The Ninth Circuit has held that § 1981 applies to employment discrimination by federal officers. *Bowers v. Campbell, supra,* at 1157. In *Bowers* plaintiff had asked for an administrative review, although not under Title VII, and had alleged a cause of action under § 1981. The Court held that in such a case a hybrid form of procedure was appropriate. The trial court should examine the administrative record carefully, and if it agrees with the conclusions, should accord it the proper deference. However, additionally, "(b)oth the employee and the employer shall have the right to adduce additional evidence to supplement the administrative record." *Bowers v. Campbell, supra,* at 1161.

Defendants argued that *Bowers* was not applicable because the Ninth Circuit explicitly refused to express any view where a federal employee brought an action under both Title VII and § 1981. *Bowers, supra,* fn. 8 at 1161. However, in *Johnson v. Railway Express Agency, Inc., supra,* the Supreme Court has indicated that a plaintiff can proceed simultaneously under § 1981 and Title VII:

> "Despite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimina

tion in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief." 95 S.Ct. at 1719.

The Supreme Court noted that, in considering the Equal Opportunity Act of 1972, the Senate specifically rejected an amendment which would have deprived a claimant of his right to sue under § 1981 if he sued under Title VII. The court concluded:

> "We are disinclined, in the face of congressional emphasis upon the existence and independence of the two remedies, to infer any positive preference for one over the other." 95 S.Ct. 1720.

In view of the Supreme Court's holding that an individual may bring suit under both Title VII and § 1981, and in view of the Ninth Circuit's holding in *Bowers* that, where a claim is made under § 1981 in conjunction with a request for review of an administrative record, the employee is entitled to discovery to supplement that record, the Court finds that plaintiff is entitled to propound properly framed interrogatories to defendants.

The Court notes at this point that the actual process by which a court is to conduct a case brought under both Title VII and § 1981 is far from clear and the problems are many. For example, in *Johnson*, the Supreme Court indicated that an individual could obtain relief under § 1981 which would not be available to him under Title VII. Specifically, the Court noted that backpay would not be restricted to the two years specified in Title VII and that compensatory damages would be recoverable.

What procedures the district court is to follow in getting the issues in a case such as this tried and determined will have to be sorted out as the case moves along; no appellate court has given practical guidelines for proceeding simultaneously with a Title VII claim and a § 1981 claim. This Court will act as it thinks most logical in view of the present state of the law.

Accordingly, it is ordered that defendants' motion for a protective order staying discovery be, and hereby is, denied;

It is further ordered that defendants' motion for summary judgment or to dismiss be filed within 20 days from the date of this order;

It is further ordered that defendants answer or file specific objections to the sixteen interrogatories within 20 days of the date of this order.