**Ruby COZAD, Plaintiff,**

v.

**Emery JOHNSON, Director, United States Indian Health Service, and John Davis, United States Indian Health Service, Oklahoma-Kansas Region, Defendants.**

**No. CIV–75–0079–E.**

United States District Court,
W. D. Oklahoma.

July 15, 1975.

istration, in the Oklahoma City, Oklahoma, Area Indian Health Service.

In 1971, a continuing education program was proposed and effected for federally employed Indians with baccalaureate degrees. The proposal, funded by the Office of Economic Opportunity, agreed to support graduate training towards the Masters Degree in Public Health for Indian employees of the Health Services Administration. In June, 1971, plaintiff, then a Secretary, GS–06, applied for Indian Health Services (IHS) Long-term Training at the University of Oklahoma. IHS central headquarters and Oklahoma Area Office officials authorized plaintiff's training and she was subsequently accepted by the University of Oklahoma in a graduate program leading to a Masters Degree in Public Health, which degree plaintiff received in May, 1973. She returned to duty at the Oklahoma City Indian Health Service Area Office where she was assigned as an Administrative Clerk, GS–301–06 under the supervision of the Chief of Sanitary Facilities of the Construction Branch Office for Environmental Health.

On July 2, 1974, a formal complaint of discrimination was filed on behalf of plaintiff with the EEO Officer for the Oklahoma City Area IHS alleging discrimination based on race and sex. Plaintiff specifically alleges that had she been Caucasian, particularly a Caucasian male, she would have been given a more responsible position, but because of the IHS policy of racial discrimination against Indians, particularly female Indians, she is frozen into her current status as a Clerk, GS–06, with little opportunity to use her skills, and with little chance of promotion. Plaintiff further alleges that the entire IHS follows a policy of discrimination against Indian employees because of their race, and particularly against female Indian employees, because of their sex and race, and that this is a policy accepted and effected by the defendants in their re-

---

W. Dave Pardue, Oklahoma City, Okl., for plaintiff.

William R. Burkett, U. S. Atty., and John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

Plaintiff, Mrs. Ruby Cozad, is a female American Indian currently employed by the United States Public Health Service, Health Services Admin-

spective capacities. Moreover, plaintiff alleges that by denying her and all Indian employees of the IHS their equal employment opportunity, the defendants have also violated the IHS Indian Preference in Employment Policy, as well as the Laws of Indian Preference in Employment of the United States.

On January 29, 1975, plaintiff filed this action in this Court alleging that the administrative processing of her claim was not being undertaken with due diligence. Defendants move for dismissal and summary judgment on various grounds, which will be determined separately below.

DEFENDANTS CONTEND THAT JURISDICTION IS NOT GRANTED BY 28 U.S.C. § 1343

In her initial complaint, plaintiff based her action on rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended in 1972, and predicated jurisdiction of the Court upon 42 U.S.C. § 2000e–16(c). By amendment to the complaint, plaintiff pleaded the same claim under 42 U.S.C. § 1981, asserting jurisdiction under 28 U.S.C. § 1343(4). Defendants seek dismissal of the amendment to the claim on the ground that the sovereign has neither consented to suit nor waived its immunity. For the reasons given below, the Court concludes that the alternative claim pleaded under § 1981 should be dismissed.

Much confusion has resulted from attempts to resolve the question whether § 1981 affords a federal remedy against discrimination in federal employment, which is significant in the light of the well-settled rule that that section does afford such a remedy against discrimination in private employment.[1] The distinction may be laid at the door of the doctrine of sovereign immunity. It might be sufficient for the Court to cite as persuasive *McLaughlin v. Callaway*, 382 F. Supp. 885 (S.D.Ala.1974), and *Tomlin v. United States Air Force Medical Center*, 369 F.Supp. 353 (S.D.Ohio 1974), hold that sovereign immunity is a bar, and dismiss the claim.

However, the Court is of the opinion that a more extensive discussion of why sovereign immunity is a bar to this claim is called for. This claim arose subsequent to Title VII's amendment and the § 1981 claim is attempted as an alternative mode of redress. Thus, the Court is not confronted with a situation where because of the unavailability of § 2000e–16(c), the court if it determined sovereign immunity was a bar would be obliged to dismiss the complaint and leave one who might have been a victim of racial discrimination without redress. In such a situation it might be expected that the plaintiff would urge the court to stretch the panoply of § 1981 for the benefit[2] of a federal employee by concluding that an employer in perpetrating racially discriminatory employment

---

1. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

2. Any benefit must be considered in the light of the exceptions hemming in a § 1981 action. The section affords no relief to the employee who has been discriminated against because of her sex. *Knott v. Missouri Pacific Railroad Company*, 389 F.Supp. 856 (E.D.Mo.1975); *Rackin v. University of Pennsylvania*, 386 F.Supp. 992 (E.D.Pa. 1974). Even for the employee who does have a claim under § 1981 because of racial discrimination, the nature of relief available against the federal employer is restricted. See *Bowers v. Campbell*, 505 F.Supp. 1155 (9th Cir. 1974), citing *Beale v. Blount*, 461 F.2d 1133 (5th Cir. 1972), which cited *Gnotta v.*

*United States*, 415 F.2d 1271 (8th Cir. 1969).

Plaintiff herein seeks to use § 1981 to circumvent defendants' argument that she is not entitled to a trial de novo for the reason that she must first exhaust her administrative remedies and then seek judicial review of the administrative record. Were the Court to decide the Title VII issue in defendants' favor, § 1981 might not avail the plaintiff. *Penn v. Schlesinger*, 497 F.2d 970 (5th Cir. 1974), rehearing en banc reversing panel opinion, 490 F.2d 700, and adopting in a short per curiam opinion Judge Godbold's dissent to the panel decision; *Allen v. Butz*, 390 F.Supp. 836 (E.D.Pa.1975), exhaustion required "subject to appropriate exceptions."

practices and policies was acting ultra vires.

In a recent opinion of the Court of Appeals for the Ninth Circuit, *Bowers v. Campbell*, 505 F.2d 1155 (1974), the bar of immunity was detoured by the avenue of the doctrine of ultra vires acts. *Bowers* has since been cited as standing for the proposition as a matter of black-letter law that: "Federal employees may state a claim for relief under § 1981 against federal officials for employment discrimination." *Revis v. Laird,* 391 F. Supp. 1133 (E.D.Cal.1975). However, this Court is of the opinion that *Bowers* and *Revis* must be distinguished from this case for the reason that those plaintiffs' claims arose prior to the enactment of § 2000e–16(c). In *Revis,* the significance of that fact was recognized:

> "Whether § 2000e–16 was in fact intended to pre-empt the field is a most difficult question but one which this court need not reach in this case. Since it is clear, as noted in the prior section of this opinion, that plaintiff's claim arose prior to the enactment of § 2000e–16, the court need not reach the question whether § 2000e–16 pre-empts all other causes of action, but rather, the court need only determine whether federal employees had a cause of action against their federal.employer for racial discrimination under either 42 U.S.C. §§ 1981, 1983, or 1985, prior to March 24, 1972. *Bowers v. Campbell,* 505 F.2d 1155 (9th Cir. 1974)." At 1137.

The question of pre-emption is a difficult one because it has two facets. If a court has held that sovereign immunity does not bar § 1981 claims arising prior to enactment of the 1972 amendment, the question when it is later presented in a case involving a claim arising after amendment is one which can be called "pure" pre-emption. This is the context in which the *Revis* court raised, but did not reach, the issue. The other facet is revealed when a court is presented with the issue of sovereign immunity for the first time in a case involving a claim which arose subsequent to Title VII's amendment and § 1981 is pleaded in the alternative. In this context the issue is whether strict construction of the waiver of sovereign immunity provided by § 2000e–16(c) precludes recourse to all other modes of redress. This is the question the Court of Appeals for the Second Circuit raised but did not reach in *Brown v. General Services Administration,* 507 F.2d 1300 (1974) : [3]

> "Appellees argue that, whatever may be the merits of the alternative bases for jurisdiction asserted by appellant, they are pre-empted by Section 717(c).[4] Neither the Act itself nor its legislative history conclusively demonstrates that such pre-emption was intended. Congress enacted Section 717(c) to provide a private right of · action for federal employees—a right it believed to have been previously non-existent or so difficult to enforce as to have been in effect non-existent. The most persuasive argument in favor of pre-emption is that the Act constitutes a waiver of sovereign immunity and as such must be strictly construed." At 1306.

This Court concludes that a narrower determination adequately resolves this issue in the context of the facts of this case, and holds that as plaintiff may base her action on rights under Title VII of the Civil Rights Act of 1964, as amended, and predicate jurisdiction upon 42 U.S.C. § 2000e–16(c), the availability of that statutory right pre-empts alternative remedies. Accordingly,

It is ordered, That the amendment to plaintiff's claim filed April 22, 1975, be and the same hereby is dismissed.

---

3. Brown's claim actually arose before but was pending administratively at the time of the amendment's enactment and the Court aligned itself with those which have held that in such an instance, the amendment has retroactive application. At 1304–1306.

4. § 2000e–16(c).

## DEFENDANTS CONTEND THAT FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES IS A BAR TO COURT REVIEW

■ Defendants argue that plaintiff did not exercise her right to request a hearing and decision after a proposed decision (stating that the allegations of discrimination based on race and sex were not sustained) was returned by the IHS on March 5, 1975, and thus has failed to exhaust her administrative remedies.

§ 2000e–16(c) provides in pertinent part:

> ". . . [A]fter one hundred and eighty days from the filing of the initial charge with the department, agency, or unit . . . an employee . . . if aggrieved . . . by the failure to take final action on his complaint, may file a civil action . . . ."

The Court concludes therefrom that the question is not whether plaintiff has failed to exhaust her administrative remedies but whether she has satisfied the above provision. Defendants admit plaintiff waited, not 180, but 210 days before bringing this action. The proposed decision was returned after suit was filed. Accordingly, the Court determines that plaintiff, aggrieved by the failure to take even proposed, much less final, action after one hundred and eighty days, had by right the option to bring this civil action, and

It is ordered, That defendants' motion to dismiss on the ground of failure to exhaust administrative remedies be and the same hereby is denied.

## DEFENDANTS CONTEND THAT THERE IS LIMITED SCOPE OF JUDICIAL REVIEW AND SUBSTANTIAL EVIDENCE SHOULD BE SHOWN TO SUPPORT THE FINDINGS

■ Apparently, defendants' motion is one to remand for the development of an administrative record on the ground that *Salone v. United States, et al.,* 511 F.2d 902 (10th Cir. 1975), precludes trial de novo of the claim of a federal employee brought pursuant to amended Title VII.

*Salone* is readily distinguishable. Plaintiff was not in court under the 180 day inaction provision but rather was an employee aggrieved by a final administrative determination that his allegations of racial discrimination were not supported by the record. That record was detailed, and the facts thoroughly developed. The question was whether he was entitled to a trial de novo after being unsuccessful in administrative agency proceedings, and the Court determined that consistency under the provisions of 5 U.S.C. § 701 dictated the holding that he was entitled only to a review of the record.

The Court in *Salone* was not confronted with the issue of whether a federal employee is entitled to a trial de novo if, by virtue of the failure of the agency to take action, there is no record. This is the issue here, and this Court concludes plaintiff is entitled to a trial de novo.

There are only two reported cases on point, *McLaughlin v. Callaway,* 382 F. Supp. 885 (S.D.Ala.1974), and *Reynolds v. Wise,* 375 F.Supp. 145 (N.D.Tex. 1973). In *Reynolds,* the court granted a trial de novo despite the fact that final administrative action had been taken by the time the matter was before the Court for decision. Because the court did not accord any consideration to that fact and because of the broad language used in the discussion of the de novo issue, the case was cited in *McLaughlin* as standing for the proposition that § 2000e–16(c) authorizes full blown proceedings (that is, regardless whether the employee is aggrieved by the final decision or aggrieved by the lack of one, and regardless whether at the time of the court's determination there is a record to be reviewed.)

The holding in *McLaughlin* is narrower. The Court for specific reasons peculiar to the facts of that case granted

trial de novo. In dictum, the Court stated that if no record existed, plaintiff would be entitled to a trial de novo,[5] and remarked also that it should have discretionary power to consider a report rendered after 180 days.

This Court holds that if at the time of disposition there is still no administrative record to be reviewed, plaintiff is entitled to a trial de novo.[6] Accordingly,

It is ordered, That defendants' motion to remand be and the same hereby is denied.

## DEFENDANTS CONTEND THAT A CLASS ACTION IS NOT AUTHORIZED

Defendants move for dismissal of the class action allegations of the complaint on the ground that no claim is made that any members of the class have exhausted their administrative remedies. Plaintiff has not responded to this portion of the motion; however, plaintiff has pending a motion for certification of a class action, with supporting brief.

Neither side cites a case in point; plaintiff relies, inter alia, upon dictum in *Pointer, supra,* in which the Court held:

"It is the decision of the Court, therefore, that it cannot grant the motion to certify this action as a class action in light of this Court's interpretation of the legislative history of the 1972 Act which indicates no right to a trial de novo and this Court's agreement with what it views as the better reasoned case law that a class action cannot be maintained if there is not an administrative record for each prospective member of the class.[34] " At 696.

In footnote 34, the Court stated: "It must be noted this reasoning is inapplicable where agency inaction is the force that initiates the employees' journey to court." No authority is cited.

This Court is of the opinion that *McLaughlin, supra,* which is on point with this case, reaches the better result. Although granting a trial de novo to the plaintiff, who was in Court under the 180 day inaction provision, the Court denied certification of the suit as a class action. The Court reasoned that Congress intended administrative disposition of Title VII claims with court review subject to exceptions indicated in the opinion. This Court is in agreement, and has narrowly drawn an exception herein. The *McLaughlin* Court noted that no attempt to pursue the procedures for the maintenance of a class action in the administrative process had been made, and concluded:

"A necessary corollary to the failure to exhaust administrative remedies is the fact that no administrative record has been developed on the alleged classwide discrimination. Previously discussed was the proposition that ·Congress intended the agencies and the CSC to effectuate the policies of Title VII. The courts will generally sit in review of the decision reached by the agency. Without the development of a record, the court would be forced to hold a trial de novo and the aim of Congress would be subverted. Since there is nothing to review, and since the class action claims have not been exhausted, the court will not certify this suit as a class action." 382 F.Supp. at 891.

In this case too, the administrative processing of Mrs. Cozad's complaint was conducted pursuant to regulations governing the processing of an individual complaint.

█ This Court determines that to extend trials de novo to members of the class, designated as "all female Indian

---

5. In dictum also, *Pointer v. Sampson,* 62 F. R.D. 689 (D.C.1974).

6. The Court does not imply thereby that it would have any discretionary power to not consider a record rendered after suit under the 180 day provision, yet before court disposition, inasmuch as *Salone* could be extended to mandate only review of the record in such an instance.

employees and all Indian employees who have completed the Indian Health Service Long Term Training and have received the Masters degree in Public Health," irrespective of whether a class claim was initiated administratively and irrespective of whether any of the members of the proposed class have exhausted their administrative remedies or found them to be futile, would undermine this Court's narrowly drawn order permitting plaintiff herein to proceed de novo, would encroach impermissibly upon the *Salone* rule, and would subvert the aim of Congress in enacting § 2000e–16(c). Accordingly,

It is ordered, That plaintiff's motion for order certifying this civil suit to proceed as a class action be and the same hereby is denied.

DEFENDANTS CONTEND THAT PLAINTIFF IS NOT ENTITLED TO CERTAIN OF THE RELIEF SOUGHT, TO WIT: A PRELIMINARY INJUNCTION, OR RETROACTIVE BACK PAY AND PROMOTION

Defendants argue that plaintiff is not entitled to the extraordinary remedy of a preliminary injunction absent showing of the total disregard of her rights. Plaintiff has not responded to this portion of the motion; however, plaintiff has pending a motion for preliminary injunction, with supporting brief, in which the Court is asked to enjoin defendants temporarily from filling any vacancies or creating any positions, GS–6, in the Indian Health Service until this case is determined on its merits.

▇ Plaintiff has cited no cases which would support issuance of so sweeping an injunction prior to determination by the Court of this matter on its merits, nor has plaintiff presented the Court with a factual foundation for the generalized allegation of irreparable injury, plaintiff claiming that during the pendency of this action, defendants will fill all management level positions with white males.

The question whether plaintiff is entitled to retroactive back pay and promotion is premature. Should plaintiff not prevail on the merits, the question need never be reached. Should plaintiff prevail, defendant concedes that the determination of what relief is appropriate is one which must be made in the light of the facts developed on the trial. Accordingly,

It is ordered, That plaintiff's motion for preliminary injunction be and the same hereby is denied.

It is ordered, That defendants' motion to dismiss the prayer for retroactive back pay and promotion be and the same hereby is denied.