**Raul Edward REVIS, Plaintiff-Appellant,**

**v.**

**Melvin LAIRD, Secretary of Defense et al., Defendants-Appellees.**

**No. 78-1946.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1980.

Decided Sept. 15, 1980.

Richard Keith Corbin, Sacramento, Cal., for plaintiff-appellant.

Linda M. Cole, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before SNEED, KENNEDY and HUG, Circuit Judges.

SNEED, Circuit Judge:

This appeal presents the issue whether either Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981 entitles appellant to a trial de novo on his federal employment discrimination claim. The trial court held that Title VII remedies should not be applied retroactively to these facts, and that there was no need for a de novo hearing under section 1981. We affirm.

## FACTUAL BACKGROUND

The district court stated the facts and history of the administrative proceedings in its opinion in *Revis v. Laird*, 391 F.Supp. 1133 (E.D.Cal. 1975), *rev'd sub nom. Revis v. Rumsfeld*, 541 F.2d 286 (9th Cir. 1976) (mem.). We recite those facts necessary to this decision.

Appellant, a Mexican-American, is a civilian employee of the Air Force. On August 28, 1970, he filed a claim of racial discrimination with the Civil Service Commission against his employer. The Commission notified appellant on November 29, 1971, that its final decision was a finding of no discrimination. Four months later, on March

24, 1972, Congress amended Title VII of the Civil Rights Act of 1964, adding section 717, 42 U.S.C. § 2000e–16, which extended Title VII administrative and judicial remedies to federal employees. Appellant filed this suit on July 28, 1972. He amended his complaint twice, eventually urging causes of action under Title VII and 42 U.S.C. § 1981.[1] The district court, on cross motions for summary judgment, held (1) that Title VII remedies are available retroactively only to those claimants who had an action pending before either an administrative agency or a federal district court on March 24, 1972, the effective date of the Title VII amendments, and (2) reviewing appellant's other causes of action in accordance with the standard formulated in *Bowers v. Campbell*, 505 F.2d 1155 (9th Cir. 1974), that appellant had received a fair and full opportunity to present his claim at the administrative level, and there was substantial evidence to support the Civil Service Commission's finding of no discrimination. This court reversed and remanded for reconsideration of the Title VII claim in light of *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), which held that section 717 entitles a federal employee to a trial de novo in federal court on an employment discrimination claim, *Revis v. Rumsfeld, supra*. After receiving briefs from both parties, the district court, in a thorough and thoughtful memorandum, reaffirmed both earlier holdings. We agree that appellant has no Title VII cause of action and that he has received the review due him on his section 1981 cause of action.

### TITLE VII

■ Title VII has been applied retroactively to federal employees with claims pending before an administrative agency on March 24, 1972, *Mahroom v. Hook*, 563 F.2d 1369, 1373 (9th Cir. 1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402

(1978), and, at least in one instance, to an employee with a suit pending in federal court on March 24, 1972, *Coles v. Penny*, 531 F.2d 609 (D.C.Cir. 1976). *See also Bunch v. United States*, 548 F.2d 336 (9th Cir. 1977) (ADEA remedies available to a federal employee with an age discrimination suit pending in federal court on the effective date of ADEA). We decline to give Title VII retroactive effect where appellant had no claim, administrative or judicial, pending on March 24, 1972, to which he could append a Title VII cause of action. The Supreme Court's decision in *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), buttresses our holding. *Brown* held that Title VII "provides for a careful blend of administrative and judicial powers," *id.* at 833, 96 S.Ct. at 1968, that, when available, is the exclusive federal employment discrimination remedy, *id.* at 835, 96 S.Ct. at 1969. The Court warned that claimants should not be allowed to use a "less demanding statute" to circumvent the "rigorous administrative exhaustion requirements and time limitations [of Title VII]." *Id.* at 833, 96 S.Ct. at 1968. We are thus reluctant to extend the benefits of Title VII to a claimant who has not complied with all its requirements, particularly when that claimant has received, as he did here, a fair and thorough review under section 1981.

### SECTION 1981

■ As the second string to his bow, appellant argues that, without regard to whether he has a Title VII cause of action, he should be given a trial de novo on his section 1981 cause of action because of a "judicial trend" shown in *Chandler v. Roudebush* to give federal employees the same remedies for job discrimination as enjoyed by private sector employees. We cannot accept this argument. We have decided previously that a federal employee is not entitled to de novo review of an employ-

---

1. Appellant also urged causes of action under 42 U.S.C. §§ 1983, 1985, the First and Fifth Amendments, federal common law, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Last, appellant sought review under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. The district court dismissed the section 1983 cause

of action, but permitted suit on all other causes of action, *Revis v. Laird*, 391 F.Supp. at 1137–39. Our holding on appellant's section 1981 cause of action applies to the remaining theories of recovery, and makes unnecessary resolution of the collateral issues presented by them.

ment discrimination claim under section 1981 if the employee received a full and fair hearing at the administrative level. *Bowers v. Campbell*, 505 F.2d at 1158–61. Instead, *Bowers* formulated a "hybrid" standard of review "with a de novo decision by the district court based primarily on the administrative record (if it is determined to be fair and adequate) with provision for the admission of additional evidence [upon the option of either party]." *Id.* at 1161. The Supreme Court based its holding in *Chandler v. Roudebush* on the legislative history and statutory scheme of Title VII. It provides no adequate basis for turning our back on *Bowers*.

The district court in its first opinion made expressly the findings required by *Bowers*. *Revis v. Laird*, 391 F.Supp. at 1140–42. Our review of the administrative record convinces us that the district court was correct in concluding that the administrative procedures were fair, that appellant received a full opportunity to present his grievances, and that the Civil Service Commission's finding of no discrimination was warranted.