The MONTGOMERY IMPROVEMENT ASSOCIATION, INC., et al., Plaintiffs,

v.

The UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants.

Civ. A. No. 77–454–N.

United States District Court, M. D. Alabama, N. D.

May 24, 1982.

Solomon S. Seay, Jr., Gray, Seay & Langford, Montgomery, Ala., Janice E. Cooper, Bruce S. Gelber, and Jane W. Vanneman, Washington, D. C., for plaintiffs.

Donald V. Watkins, Montgomery, Ala., pro se.

Julia S. Waters, Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for Emory Folmar, J. Aronstein, Jr., Lewis Golson, Luther Oliver, Willie D. Peake, The City of Montgomery, Ala., Alice Reymonds and Billy Nunn.

John C. Bell, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., Kevin Kovacs, U. S. Dept. of Justice, Washington, D. C., for U. S. Dept. of Housing and Urban Development, The Secretary of the U. S. Dept. of Housing and Urban Development and Robert E. Brown.

## OPINION

VARNER, Chief Judge.

### INTRODUCTION

This cause is before the Court on a residual question remaining after this Court's decision on the Federal Defendants' March 15, 1982, motion to stay discovery.[1] The residual question raised by the motion is— What is the scope of review in a case in which there are proceedings before a court on a review of an administrative agency action and on independent causes of action under the Housing and Community Development Act (hereinafter HCDA), 42 U.S.C. §§ 5301, *et seq.*, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, *et seq.*, and Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, *et seq.*?[2] Federal Defendants contend that the scope of review should be limited to the administrative record review contemplated under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Plaintiffs, of course, contend that a trial *de novo* should be allowed.

### SCOPE OF REVIEW

This Court understands that Plaintiffs contend that *de novo* consideration is appropriate in cases where independent causes of action are allowed. Federal Defendants, however, contend that *de novo* consideration only of the administrative record is appropriate where administrative actions are reviewed. With regard to the authorities cited by Plaintiffs in support of their position, it does not appear to this Court that those cases deal explicitly with situa-

---

1. For a full explanation of the facts of this case, see *Montgomery Improvement Association v. HUD*, 645 F.2d 291 (5th Cir. 1981).

2. This Court has not reviewed any question concerning the exhaustion of administrative remedies under Title VIII and, accordingly, expresses no opinion on the propriety of maintaining such an action at this time.

tions involving a review of administrative action and independent causes of action arising from the same transaction or series of events. This Court has located only two cases dealing with this specific question in a case similar to this—i.e., where there is a review of an administrative action under 5 U.S.C. § 704 and where there are independent actions[3] under the same statute providing the basis of the administrative action (e.g., 42 U.S.C. § 5301, *et seq.*) and under other statutes.

■ The Ninth Circuit Court of Appeals considered this question in *Bowers v. Campbell*, 505 F.2d 1155 (9th Cir. 1974). See, also, *Revis v. Laird*, 391 F.Supp. 1133 (E.D. Cal.1975), rev'd. on other grounds 541 F.2d 286 (9th Cir. 1976). There the Court developed a hybrid form of review—somewhere between an administrative review and a *de novo* trial. The rationale for the decision was based in part on the United States Supreme Court decision in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). However, the dissent of Judge Barnes in *Bowers* adequately states the reason why departure from the principle of a limited review was unwise and, further, why the *Alexander* decision was distinguishable from a situation such as the one presented here. The views of this Court are expressed in a cogent manner in the following paraphrase of Judge Barnes' dissent:

> To set forth * * * the general rule that a trial de novo is available, despite a prior agency proceeding [concerning the same matters], any time the action could also have been brought under the rubric of [other independent statutes], will, I fear, either give any complainant two shots at a favorable result; or result in largely supplanting the provisions of § 706, hampering both judicial and administrative efficiency, and adversely affecting judicial respect for agency decisions.

Accordingly, the Court will allow departure from a review of the administrative record only "*to the extent* that the facts are subject to trial de novo." See, 5 U.S.C. § 706(2)(F) [emphasis added]. Under the United States Supreme Court decision in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1970), the situations in which *de novo* review is allowed are extremely limited.

> "*De novo* review of whether the Secretary's decision was 'unwarranted by the facts' is authorized by § 706(2)(F) in only two circumstances. First, such *de novo* review is authorized when the action is adjudicatory in nature and the agency factfinding [sic] procedures are inadequate. And there may be independent judicial factfinding [sic] when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action."

Here, the first exception could be the only one applicable. The agency action here was adjudicatory in nature. See, 5 U.S.C. § 551; K. Davis, Administrative Law of the Seventies, § 1.01–2, at p. 3 (1976). It is this Court's opinion that the statutes contemplate *de novo* review only of those specific facts for which the agency's fact-finding procedures are inadequate.[4] Therefore, this Court will now decide what facts must be found in a *de novo* proceeding.

## HUD DISCRIMINATION

■ A charitable reading of Plaintiffs' amended complaint indicates that there may be a contention that HUD itself acted in a discriminatory manner. A review of HCDA makes it clear that Congress contemplated that the Secretary was specifically concerned with discriminatory deprivation of benefits resulting only from the

3. See, *Montgomery Improvement Association v. HUD*, 645 F.2d 291 (5th Cir. 1981), in which the Court of Appeals held that Plaintiffs were entitled to maintain independent actions under Title VI and HCDA.

4. The Supreme Court decision in *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1972), makes it clear that the absence of a formal administrative hearing does not of itself mean that such a procedure is inadequate.

City's conduct. See, 42 U.S.C. § 5309(a). There is no procedure at all within HCDA or other statutes involved here which requires HUD to review, ex parte or otherwise, its own propensity to discriminate. Therefore, trial *de novo* will be allowed to determine whether HUD itself tended to discriminate in its administration of HCDA.

## TITLE VIII REVIEW

Another "procedural" defect exists with regard to a review of all of the Defendants' actions under Title VIII. 42 U.S.C. §§ 3601, *et seq.* At this point, it is appropriate to examine the responsibility of the Federal Defendants insofar as those responsibilities relate to Federal Defendants' administration of grants under HCDA, the primary focus of the present litigation.

Under HCDA, 42 U.S.C. § 5309(a), no person is to be excluded from the benefits of a HCDA funded program on the basis of race. With minor exceptions, this is the exact requirement of Title VI of the 1964 Civil Rights Act—42 U.S.C. § 2000d. Under HCDA, 42 U.S.C. § 5309(b), HUD, through the Secretary, has the specific responsibility to determine whether the non-discrimination provision is being violated by any recipient of HCDA funds, e.g., City of Montgomery. In addition, under HCDA, 42 U.S.C. § 5311 and § 5304, the Secretary has other specific review responsibilities regarding HCDA requirements.

There is, however, no provision in HCDA, comparable to HCDA provisions, §§ 5309(a) and (b), 5311 or 5304, which requires the Secretary, of his own accord, to examine a grant recipient's HCDA program under the same or similar standards as those which exist under Title VIII. HCDA only requires that an application for HCDA funds provide satisfactory assurances that the HCDA program will be conducted and administered in conformity with Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, *et seq.*, and Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, *et seq.* See, 42 U.S.C. § 5304(a)(5). An examination of the Secretary's Title VIII responsibility with regard to the administration of programs such as the HCDA reveals that that responsibility is much less specific than that contemplated by the above-referenced analogous provisions under HCDA. Title VIII—42 U.S.C. § 3608(d)(5)—only requires the Secretary to generally "administer the programs relating to housing and urban development in a manner affirmatively to further the policies of this subchapter [–i.e., Title VIII]."

The end result of the vesting of these various responsibilities in HUD is that HUD administers HCDA with a *specific view* toward assuring that a grant recipient's actions conform with Title VI and HCDA behavioral standards. On the other hand, HUD administers HCDA and Title VIII only with the *general responsibility* of seeing that the policies of Title VIII are furthered. These differences become significant when a court seeks to determine the proper scope of review in cases where the agency has, on the one hand, conducted its administration of a program in a manner to specifically see that the requirements of separate statutes, providing for separate causes of action, are met and, on the other hand, has *not* conducted the program in a manner to specifically see that the requirements of another statute, providing for a separate cause of action, are met.

Accordingly, this lack of a specific obligation to review a grant recipient's actions under Title VIII constitutes a procedural defect in HUD's fact-finding procedures insofar as they relate to the grant recipient's Title VIII responsibility. Therefore, a trial *de novo* of Plaintiffs' Title VIII claims must be had.

## CONCLUSION

This Court will, therefore, consider *de novo* the question of Federal Defendants' discrimination and the question of all Defendants' violations of Title VIII. With these two exceptions, this Court will conduct only that administrative record review normally allowed under 5 U.S.C. § 706.[5]

---

**5.** Of course, in some circumstances, it may be

necessary to supplement the administrative

An Order will be entered in accordance with this Opinion.

record. See, *Citizens to Preserve Overton Park v. Volpe*, supra, at 420, 91 S.Ct. at 825. This Court also realizes that this analysis may, due to the overlapping of proof required by Title VIII and the other statutes, in effect result in *de* *novo* consideration of all matters contained in the complaint. However, at this point, the Court cannot definitively decide that such will be the case. Counsel should, therefore, prepare for trial with this possibility in mind.