
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY SCOTT and BRIDGETT SCOTT, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., <br><br> Defendants - Appellees. | No. 13-15129 <br><br> D.C. No. 2:10-cv-02081-GMN-RJJ <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted February 11, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and McKEOWN and W. FLETCHER, Circuit
Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bridgett and Jerry Scott appeal the district court's order dismissing their claims for quiet title and wrongful foreclosure under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We review the order of dismissal *de novo* and "may affirm the district court's dismissal on any ground supported by the record." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). We affirm the district court's order in part and reverse it in part. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

I

Section 40.010 of the Nevada Revised Statutes provides that an action for quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Although a "plea to quiet title does not require any particular elements, . . . each party must plead and prove his or her own claim to the property in question." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and quotation marks omitted). The "plaintiff's right to relief therefore depends on superiority of title." *Id.*

In their second amended complaint, the Scotts alleged that the deed of trust encumbering their property – a deed purportedly held by defendants – was invalid

2

and, thus, could not be used to foreclose on the property. Specifically, the Scotts alleged that defendants obtained the deed of trust from their cousin, Katrina Noble, who never lawfully held title to the property. The Scotts further alleged that Noble forged certain documents, without the Scotts' knowledge or permission, which enabled her to take out a loan secured by the Scotts' property. These detailed factual allegations suggest that the Scotts may have superior title to the subject property and, thus, are sufficient to state a claim for quiet title.

Nevertheless, the district court dismissed the Scotts' quiet title claim because their complaint failed to set forth the specific "legal theory, statutory basis or common law basis" for the claim. However, the Supreme Court has made clear that, "under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory" to survive a motion to dismiss. *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (reversing dismissal of due process claim under Rule 12(b)(6) even though the complaint failed to articulate a clear due process theory). We have likewise held that a plaintiff "does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1991) (citations and quotation marks omitted); *see also Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("Specific legal theories

3

need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."). In this case, the Scotts' factual allegations sufficed to give defendants notice of exactly what was at issue in this lawsuit – namely, the validity of the deed of trust.

The Scotts' failure to identify a specific "statutory basis or common law basis" for the quiet title claim in their complaint was also not a proper ground for dismissal. A "complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008); *see also Sagana v. Tenorio*, 384 F.3d 731, 737 (9th Cir. 2004) ("We long ago rejected the argument that a specific statute must be named, describing it as an 'attempt to evoke wholly out-moded technical pleading rules.'" (quoting *Bowers v. Campbell*, 505 F.2d 1155, 1157 n.2 (9th Cir. 1974))).

Finally, although defendants argue that the Scotts' quiet title claim is time-barred, this argument is not persuasive. The statute of limitations for quiet title claims in Nevada is five years. Nev. Rev. Stat. §§ 11.070, 11.080. The Scotts filed the instant action in October 2010. The earliest date on which the Scotts could have filed this quiet title action was four years earlier, in November 2006, when Noble allegedly first recorded the property in her name using the forged deed. Thus, the Scotts filed this action well within the applicable limitations period.

4

## II

We need not determine whether the district court should have dismissed the Scotts' wrongful foreclosure claim for pleading deficiencies because we can affirm the dismissal of the claim on other grounds.

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). In this case, the Scotts failed to allege that the trustor – namely, Noble – actually complied with the terms of her loan agreement. To the contrary, the Scotts attached an exhibit to their complaint which indicates that Noble did, in fact, breach certain repayment obligations under her loan agreement. Therefore, the dismissal of the Scotts' wrongful foreclosure claim was proper. Because the Scotts' prior pleading indicates that Noble breached her loan repayment obligations, any attempt to amend this claim would be futile.

Accordingly, we reverse the dismissal of the Scotts' quiet title claim and affirm the dismissal with prejudice of their wrongful foreclosure claim. Each party shall bear their own costs on appeal.

**AFFIRMED IN PART and REVERSED IN PART.**