Charles Dennis **THOMPSON**, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, BUREAU OF NARCOTICS AND DANGEROUS DRUGS**, Defendant.

**No. C-73 219 ACW.**

United States District Court, N. D. California.

June 12, 1973.

Vernon L. Bradley of Myers, Praetzel & Garety, San Rafael, Cal., for plaintiff.

James L. Browning, U. S. Atty., by James A. Bruen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

WOLLENBERG, District Judge.

This action was filed on February 9, 1973, under § 11 of the Equal Op-

portunity Employment Act of 1972, 86 Stat. 103, 42 U.S.C. § 2000e—16, which requires that "All personnel actions affecting employees or applicants for employment . . . in executive agencies . . . as defined in section 105 of title 5 . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."[1] 42 U.S.C. § 2000e—16(a). Plaintiff alleges that he was harassed and ultimately discharged by the Federal Bureau of Narcotics and Dangerous Drugs because of his race. The action was filed pursuant to § 2000e—16(c), which permits grievants to file civil actions 180 days after filing initial charges with the defendant department or agency, or with the Civil Service Commission on appeal from a decision of a department or agency, if a final decision has not been made within the 180 day period.

The action is presently before the Court on defendants' motion for summary judgment. Defendants argue that summary judgment is appropriate despite the existence of factual disputes. This argument relies on the premise that review in this Court should be confined to the question of whether the administrative record of the defendant agency's investigation and findings discloses a rational basis for the decision to discharge plaintiff. Cases cited by defendants in support of this proposition are not based upon the Act of 1972. Hence they do not lend any support to their position.

The Court is faced with a question of interpreting the intent of Congress in

enacting the relevant portions of Public Law 92–261 on March 24, 1972. Defendants have cited the Court to statements of two senators which indicate that the right to judicial review in discrimination cases granted to federal employees by § 11 of the Act of 1972, like the application of the Civil Rights Act of 1964 to non-governmental job applicants and employees, is intended to provide only a review of the administrative record, and not a trial de novo.[2]

These statements are in accord with the written explanation of § 11 given by the Conference Committee on H.R. 1746 only insofar as they indicate that federal employees have the same right to judicial review of employment discrimination charges as non-governmental employees:

"The Senate amendment provided that all personnel actions involving Federal employees be free from discrimination. This policy was to be enforced by the United States Civil Service Commission. Each agency of the Federal Government would be responsible for establishing an internal grievance procedure and programs to train personnel so as to enable them to advance under the supervision of the Civil Service Commission. If final action had been taken by an agency or the Civil Service Commission, an aggrieved party could bring a civil action under the provisions of section 706. . . ." 1972 U.S.Code Cong. & Admin.News, pp. 2179, 2185.

1. Alternative jurisdictional bases are Executive Order No. 11478, 34 C.F.R. 12985 and § 713.281 of the Federal Personnel System Manual Equal Opportunity Employment Act of 1972.

2. Senator H. A. Williams said:
"Finally, written expressly into the law is a provision enabling an aggrieved Federal employee to file an action in U. S. District Court for a review of the administrative record after a final order by his agency or by the Civil Service Commission if he is dissatisfied with that decision." 118 Cong.Rec.No. 24 at S2280. Senator Alan Cranston stated that:

"For the first time, . . . [the legislation would] permit Federal employees to sue the Federal Government in discrimination cases—under the theory of Federal sovereign immunity courts have generally not allowed such suits—and to bring suit either prior to or after CSC review of the agency EEO decision in the case. As with other cases brought under Title VII of the Civil Rights Act of 1964, Federal district court review would be based on the agency and/or CSC record and would not be a trial de novo." 118 Cong.Rec.No. 24 at S2287.

The reference to § 706 of the 1964 Act in the report is included in the text of the new law, which provides that "the provisions of section 2000e—5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder." 42 U.S.C. § 2000e—16(d).

■ Hence, it is clear from the language of the Act of 1972, and from the report of the Congressional managers that Congress intended to provide for federal employees the same right to judicial review of discrimination charges as that embodied in the 1964 Act, with an exception for national security not here relevant.[3] The question remaining is whether the statement of Senator Cranston limiting the right of judicial review to a search for a rational basis in the administrative record fairly summarizes the law prior to March, 1972. The Court concludes that it does not.

In Grimm v. Westinghouse Electric Corporation, 300 F.Supp. 984 (N.D.Cal. 1969) Judge Zirpoli of this Court was asked to dismiss a Title VII action for lack of jurisdiction on the grounds that the EEOC, after investigation of plaintiff's claims of discrimination, had concluded that plaintiff was discharged for just cause. The Court carefully analyzed the statutory scheme of Title VII, and judicial interpretations of the various procedural requirements of the Act. The Court cited Cox v. United States Gypsum Co., 284 F.Supp. 74 (N.D.Ind. 1968), aff'd as modified on other grounds, 409 F.2d 289 (7th Cir. 1969) in concluding that:

"a Commission determination of what constitutes compliance with 42 U.S.C. § 2000e et seq. is not binding on a grievant and does not bar the grievant from bringing a private suit if he disagrees with the Commission's determination. The Cox reasoning is consistent with the previously discussed statutory mandate that the private suit shall proceed de novo . . . ." 300 F.Supp. at 990.

Defendant has not cited and the Court has not found a single case which questions this analysis. To the contrary, the courts of at least four circuits have adopted it. Robinson v. Lorillard Corp., 444 F.2d 791, 800 (4th Cir. 1971); Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136 (5th Cir. 1971); Flowers v. Local 6, Laborers International Union of North America, 431 F.2d 205 (7th Cir. 1970); Fekete v. United States Steel Corp., 424 F.2d 331 (3d Cir. 1970). The Supreme Court, in the recent decision of McDonnell Douglas Corp. v. Percy Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) has similarly noted that " 'court actions under Title VII are de novo proceedings and . . . a Commission['s] "no reasonable cause" finding does not bar a lawsuit in the case' " [quoting Robinson, supra].

The Court recognizes that the precise question decided in these earlier decisions was not the scope of review under Title VII, but whether a Commission finding of just cause for the employers' allegedly discriminatory actions barred a law suit. But the force of the analy-

---

3. The only decision which the Court has found which sheds light on this question is Williamson v. Bethlehem Steel Corp., 468 F.2d 1201 (2d Cir. 1972). In holding that private litigants were not bound for purposes of res judicata or collateral estoppel by the Attorney General's action in a prior suit against the same defendants, the court noted that:

"Under Title VII since its inception, moreover, the individual has played a significant role in its enforcement. Jenkins v. United Gas Corp., 400 F.2d 28, 32 (5th Cir. 1968). This is equally true after the amendment of Title VII by the Equal Employment Opportunity Act of 1972. . . . . While the 1972 amendments authorize the Equal Employment Opportunity Commission to bring a Title VII suit in the name of the Government, individuals party to Commission conciliation proceedings in the same action may intervene in such suits, and in those brought by the Attorney General . . . and presumably individuals not party to the Commission proceedings may institute a suit despite action taken by the Commission or the Attorney General." 468 F.2d at 1204.

sis in these cases is applicable. If a litigant is entitled to a trial de novo as a jurisdictional matter, he is also entitled to plenary review of the alleged discrimination absent an express limitation in the law which creates the cause of action. Neither the 1964 Act nor the 1972 Act contains such a provision. To the contrary, the legislative history of the 1972 Act indicates that Congress rejected a comparable provision initially reported to the Senate in S. 2515 by the Committee on Labor and Public Welfare.[4]

Since the Act of 1972 extends the same rights to federal employees as previously existed for non-governmental employees, the Court concludes that federal employees are entitled to a trial de novo under 42 U.S.C. § 2000e—16.

The motion for summary judgment is, accordingly, denied.

4. Section 3(h) of that bill provided that the Commission would have the power to issue cease and desist orders and grant other affirmative relief upon a finding of an unlawful employment practice. Section 3(k) provided that a party aggrieved by a final order of the Commission could obtain a review of such orders in the appropriate United States Court of Appeals. On appeal, "The findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive." The section further provided that in certain circumstances the court of appeals could order that additional evidence be taken before the Commission. Cf. CCH Employment Practices Guide ¶ 5022.