**Charles Dennis THOMPSON, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, BUREAU OF NARCOTICS AND DANGEROUS DRUGS, Defendant.**

**No. C–73 219 ACW.**

United States District Court, N. D. California.

March 1, 1974.

Study of the Division of Jurisdiction Between State and Federal Courts 111–12 (1969).

Vernon L. Bradley, San Rafael, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty. by James A. Bruen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

WOLLENBERG, District Judge.

Plaintiff Charles Dennis Thompson brings this action under the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000–16,[1] claiming he was terminated from employment as a Special Agent with the Bureau of Narcotics and Dangerous Drugs (hereinafter "the Bureau") on account of his race.[2] On April 7, 1972, plaintiff was informed by the Bureau that his employment was terminated, and he filed a Complaint of Discrimination with the Equal Employment Opportunity Officer of the Bureau on May 10, 1972. Subsequently, a thorough investigation of plaintiff's charges was made, and plaintiff was provided a complete summary of the investigation, including findings and recommendations, in a letter dated December 4, 1972, from Kenneth G. Cloud, Equal Employment Opportunity Officer for the Bureau. That letter is a part of the record in this case and is included in the compilation of certified copies of personnel records regarding plaintiff and is attached to defendant's motion for summary judgment filed May 3, 1973. Herein-

after this compilation of personnel records will be referred to as the "Administrative Record".

The case is now before the Court on defendant's second motion for summary judgment. In an order filed June 12, 1973, 360 F.Supp. 255, the Court denied "defendant's" first motion for summary judgment and held that under the Equal Employment Opportunity Act plaintiff is entitled to a trial de novo on his charges of racial discrimination. Since then, the Court has had the benefit of three other decisions which have considered the same question and held that a trial de novo is not necessarily required in district court actions under § 2000e–16. Handy v. Gayler, 364 F. Supp. 676 (D.Md.1973); Williams v. Mumford, Civ. No. 1633–72 (D.D.C. filed August 20, 1973); Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C. 1973).

In Hackley v. Johnson, *supra*, which was relied upon by both the other cases cited, Judge Gesell meticulously considered the text, purpose and legislative history of the Equal Employment Opportunity Act and concluded no new hearing in district court is necessary if "the clear weight of the evidence" in the administrative record supports the agency's findings. 360 F.Supp. at 1252. Plaintiff here seeks to distinguish all these cases on the ground that in each of them the complaining party had been afforded an administrative hearing in which he could present witnesses and evidence and could respond to the testimony against him. Because he has not had an administrative hearing on his complaint, plaintiff argues, a decision on the merits by this Court without holding a trial de novo would deny him his due process right to a hearing.

---

1. Alternative bases for jurisdiction are Executive Order No. 11478, 34 C.F.R. 12985 and § 713.281 of the Federal Personnel System Manual Equal Opportunity Act of 1972.

2. In an affidavit dated September 20, 1972, appearing at page 3 under the indicator "SUP. REPT." in the Administrative

Record, plaintiff made the following statement about the alleged discrimination:

I feel that I was perhaps discriminated against because of my color, or my apparent affluence or middle class background, or my wife who is of Irish descent.

Under the indicator labeled "EEO" in the Administrative Record is a letter dated December 4, 1972, from Kenneth G. Cloud to the plaintiff. The letter summarizes at length the evidence against plaintiff's claims of discrimination and advises plaintiff of his right to a hearing:

> You also have the right to request a hearing in this matter, with a final decision to be rendered by the Complaint Adjudication Officer for the Department of Justice. The regulations provide that you have 15 days from receipt of this letter to request a hearing. Your request should be sent to me directly.

Letter of December 4, 1972, from Kenneth Cloud, at 7. Plaintiff was fully and clearly advised of how and where to appeal and of the evidence, findings and recommendations upon which any such appeal would be based. He did not request such a hearing. Under these circumstances plaintiff must be considered to have waived an administrative hearing knowingly and voluntarily.

This Court would be improperly tampering with the administrative process if it were to fashion a rule entitling an aggrieved person to a hearing de novo in district court whenever he knowingly and voluntarily waived an administrative hearing. Such a rule would be the result of a decision here that by not responding to an offer for an administrative hearing, plaintiff has become entitled to a trial de novo in this Court.

The Administrative Record filed in this matter appears to be an exhaustive and impartial effort to find the facts and learn the truth about plaintiff's allegations of discrimination. This Record overwhelmingly supports the conclusions reached by the Equal Employment Opportunity Officer, Mr. Cloud, and concurred in by Gerald W. Jones, Complaint Adjudication Officer who made an independent review of the evidence.

Accordingly, it is the Order of this Court, after a full review of the Administrative Record, and upon considering the briefs and oral arguments of counsel relating to that record, that defendant's motion for summary judgment be, and hereby is granted.