James D. JOHNSON, Plaintiff-Appellant,

v.

U. S. POSTAL SERVICE, Plaintiff-Appellee.

No. 74–1241
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 11, 1974.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Ralph K. Helge, Pasadena, Cal., Kent Spriggs, Tallahassee, Fla., for plaintiff-appellant.

Nathan Lewin, Washington, D. C., Dennis Rapps, Nat'l Jewish Commission on Law & Public Affairs, Brooklyn, N. Y., amicus curiae, for plaintiff-appellant.

William H. Stafford, Jr., U. S. Atty., Clinton Ashmore, Melvin Horne, Asst. U. S. Attys., Tallahassee, Fla., for plaintiff-appellee.

Mozart G. Ratner, George B. Driesen, Washington, D. C., for National Assoc. of Letter Carriers, AFL–CIO.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether the appellant's religious beliefs and practices placed an undue hardship on the United States Postal Service thereby justifying his dismissal as a flexible part-time clerk. The District Court dismissed Johnson's suit brought under § 717 of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e–16(a)),[1] finding that the Postal Service could not accommodate the appellant's demands. We conclude that the record adequately supports the District Court's decision and therefore affirm.

Johnson had worked as a flexible part-time clerk in the Post Office at Chattahoochee, Florida, from June 1966 until his dismissal in 1972. In 1971 there were only five clerks employed in the small Chattahoochee Post Office, two full-time, two part-time and one temporary. Johnson had seniority over the other part-time clerk and temporary clerk but was junior to both full-time clerks. Saturday business at the Post Office required three or four clerks to work a full day. It was standard practice for one of the full-time clerks to have Saturday as his day off. Therefore, Johnson was required to work several Saturdays. Since Johnson was a flexible part-time clerk, he received his work schedule every Wednesday and worked his hours covering others on vacation, sick leave, or days off. The Post Master needed someone in Johnson's position who was flexible.

In the summer of 1971 Johnson converted to the religion of Church of God. There is no dispute as to Johnson's sincere belief in the teachings of his religion which forbid any work from sundown Friday to sundown Saturday. In an attempt to get every Saturday off, Johnson offered to work every Sunday since the Post Office did keep a man on duty for five hours on Sunday. The Post Master found this unacceptable because it was not a regular work day nor did Johnson's working on Sunday relieve the problem of forcing men senior to him to work on Saturday. After failing to show up for work on several Saturdays, Johnson was dismissed. He filed a charge of discrimination with the Civil

---

1. § 2000e–16. *Employment by Federal Government—Discriminatory practices prohibited; employees or applicants for employment subject to coverage*

(a) All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies (other than the General Accounting Office) as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

Service Commission[2] and subsequently brought suit in Federal court.

The Federal Regulations clearly define the obligations of the employer to attempt to make all reasonable accommodations to the religious needs of their employees.

29 C.F.R. § 1605.1 Observation of the Sabbath and other religious holidays.

(b) The Commission believes that the duty not to discriminate on religious grounds, required by section 703(a)(1) of the Civil Rights Act of 1964, includes an obligation on the part of the employer to make reasonable accommodations to the religious needs of employees and prospective employees where such accommodations can be made without undue hardship on the conduct of the employer's business. Such undue hardship, for example, may exist where the employee's needed work cannot be performed by another employee of substantially similar qualifications during the period of absence of the Sabbath observer.

(c) Because of the particularly sensitive nature of discharging or refusing to hire an employee or applicant on account of his religious beliefs, the employer has the burden of proving that an undue hardship renders the required accommodations to the religious needs of the employee unreasonable.

In an attempt to accomodate Johnson's request for every Saturday off, the Post Master offered to allow Johnson as many Saturdays off as possible or in the alternative to recommend Johnson for a transfer to the larger Post Office in Tallahassee. Johnson refused to accept either offer of accomodation, requesting that he be allowed to remain on his old job at the Chattahoochee office even though he could not work on Saturdays.

The Postal Service made a good faith effort to reasonably accommodate John-son's religious observances and practices. To accept Johnson's demands would result in an undue hardship on the effective operation of the Chattahoochee Post Office. The Post Master clearly needed a person in Johnson's position who was truly a flexible employee, available whenever needed.

When an employer adequately demonstrates its inability to reasonably accommodate an employee's religious practice, then dismissal does not violate § 2000e–16. See Riley v. Bendix Corp., 5 Cir., 1972, 464 F.2d 1113; Dawson v. Mizell, E.D.Va., 1971, 325 F.Supp. 511.

Affirmed.

---

2. The record shows that the Civil Service Commission entered a finding of no discrimination on the basis of religion and this ter-minated all agency action on Johnson's complaint.