**Anthony M. SALONE, Jr., Appellant,**

v.

**UNITED STATES of America et al., Appellees.**

No. 74–1475.

United States Court of Appeals, Tenth Circuit.

Feb. 21, 1975.

Robert B. Smith, of Miskovsky, Sullivan & Miskovsky, Oklahoma City, Okl., for appellant.

William R. Burkett, U. S. Atty., and John E. Green, Asst. U. S. Atty., for appellees.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

Appellant Salone is a civilian employee at the Oklahoma City Air Materiel Area (OCAMA), Tinker Air Force Base, Oklahoma. In April 1972, Salone complained

to the Commander of Tinker AFB that his supervisors were discriminating against him because of his race, and in reprisal for a discrimination complaint filed by him some five years previously. This complaint was referred to the agency's Chief EEO Counselor who interviewed Salone and the witnesses and made recommendations. Further complaints, hearings, and recommendations followed, and in March 1973 Salone was notified by the Director of Equal Employment Opportunity, Office of the Secretary of the Air Force, that his allegations of racial discrimination were not supported by the record. The decision of the Director was affirmed without comment by the Civil Service Commission Board of Appeals and Review.

Having exhausted his administrative remedies through the Civil Service machinery, Salone filed this action in the District Court pursuant to 42 U.S.C. §§ 2000e–16 and 2000e–5. He requested a trial de novo on his allegations of discrimination, rather than a review of the administrative record. Defendant filed a motion for summary judgment and asking that the action be dismissed for lack of subject matter jurisdiction.

The trial judge found that review of the administrative record was the procedure required, and that the record showed an absence of discrimination. He then granted the motion for summary judgment, and further found an absence of subject matter jurisdiction.

██ The only issue presented on this appeal is whether a federal employee filing a civil action under 42 U.S.C. § 2000e–16 is entitled to a trial de novo or judicial review of the administrative record. The statute is silent on this question. 42 U.S.C. § 2000e–16(c) provides that a federal employee who has a complaint of discrimination based on race, color, religion, or sex may, within certain time limits, "file a civil action as provided in section 2000e–5 of this title." Section 2000e–5 governs civil actions by private employees. 42 U.S.C. § 2000e–16(d) reads: "The provisions of section 2000e–5(f) through (k) of this ti-

tle, as applicable, shall govern civil actions brought hereunder."

There is no dispute that a private employee filing an action pursuant ·to 42 U.S.C. §§ 2000e–5(f) through (k) is entitled to a trial de novo. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. Two early cases applied this holding to actions under 42 U.S.C. § 2000e–16(c) and concluded that the 1972 amendment to the Equal Employment Opportunity Act was intended to extend to federal employees the same procedure that was available to private employees, and thus a federal employee should be entitled to a trial de novo rather than judicial review of the administrative record. Henderson v. Defense Contract Administration Services Region, New York, 370 F.Supp. 180 (S.D. N.Y.); Thompson v. United States Dep't of Justice, Bureau of Narcotics & Dangerous Drugs, 360 F.Supp. 255 (N.D. Cal.).

A separate line of cases also developed which maintained a distinction between private and federal employees. These cases relied on decisions concerning discharge of federal employees. In such actions, brought under 5 U.S.C. § 701 et seq., a federal employee is entitled only to review by the federal district court of the administrative record. Trials de novo are not provided. Polcover v. Secretary of Treasury, 477 F.2d 1223 (D.C. Cir.), cert. denied, 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237; Rosenman v. Levbarg, 435 F.2d 1286 (3d Cir.); Dabney v. Freeman, 358 F.2d 533 (D.C.Cir.); Gordon v. Bright, 306 F.Supp. 252 (W.D. Okla.), aff'd 419 F.2d 835, cert. denied, 397 U.S. 1057, 90 S.Ct. 1403, 25 L.Ed.2d 674.

In Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.), the court considered the question whether a federal employee is entitled to a trial de novo after being unsuccessful in administrative agency proceedings on a complaint of employment discrimination. The court considered the history of the 1972 Equal Employment Opportunity Act, the potential burden on the federal judiciary, du-

plication of the administrative process, prior federal employee discharge cases, and the need for prompt, consistent decisions in discrimination matters, and said: "Viewing the Act and its history broadly, Congress intended to guarantee *access* to the courts—'a civil action'—to eliminate previous barriers but not to start the process anew." Thus the court concluded that the Act provided for "access" but once there a trial de novo was not required under 42 U.S.C. § 2000e–16.

The holding in *Hackley* was followed in Tomlin v. United States Air Force Medical Center, 369 F.Supp. 353 (S.D. Ohio), and Handy v. Gayler, 364 F.Supp. 676 (D.Md.). The district court for the Northern District of California, relying on *Hackley* and *Handy*, reversed its earlier decision in Thompson v. United States Dep't of Justice, Bureau of Narcotics & Dangerous Drugs, *supra*, and held that a trial de novo was not required under 42 U.S.C. § 2000e–16. Thompson v. United States Dep't of Justice, Bureau of Narcotics & Dangerous Drugs, 372 F.Supp. 762, rev'g 360 F.Supp. 255. No decisions by the United States Court of Appeals on this point have been found.

The legislative history is unclear. Senator Williams interpreted the Act as providing only review of agency (Civil Service Commission) proceedings. 118 Cong.Rec. S2280 (daily ed. Feb. 22, 1972) (History at .1727). Senator Cranston originally agreed with Senator Williams, 118 Cong.Rec. S2287 (daily ed. Feb. 22, 1972) (History at 1744). Later he corrected himself and stated that 42 U.S.C. § 2000e–16 provides for a trial de novo. 119 Cong.Rec. S1219 (daily ed. Jan. 23, 1973).

A distinction between federal and private employees is justified for the reasons stated by the court in Hackley v. Johnson, 360 F.Supp. 1274 (D.D.C.), and by the fact that the administrative proceedings relating to Government employees are always handled under the Civil Service system which has developed procedures and standards applicable to such employees. The complaints of the nature here considered should be handled as others, and if they reach the courts, the procedure should be consistent with those under 5 U.S.C. § 701 et seq. Thus there is a valid distinction to be made, and we hold that a de novo hearing is not here required.

The record before us, derived from the Civil Service system hearings and reviews, is detailed, and the facts are thoroughly developed. In the event a trial court should find a need for additional facts on a particular issue, the matter may be remanded.

Our decision in Nickol v. United States, 501 F.2d 1389 (10th Cir.), was filed shortly after summary judgment was granted against Salone. And in any event the opinion of the district judge gives sufficient indication of the facts relied on by him from the administrative record to support his conclusions as to the administrative decision.

The order of the district court affirming the decision of the Civil Service Commission Board of Appeals and Review is affirmed.