895 F.2d 1416
 53 Fair Empl.Prac.Cas. 624
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Alvin DOUGLAS, Plaintiff-Appellant,
v.
John MARSH, Secretary of the United States Department of the
Army, Defendant-Appellee.
 No. 88-1781.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1990*.
Decided Feb. 9, 1990.
 Before CANBY, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin Douglas appeals the district court's judgment in favor of the United States Army in Douglas' employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Douglas contends that the district court erred by finding that he had failed to establish a prima facie case of racial discrimination and by failing to transfer his claims of breach of contract, fraud, and misrepresentation to the United States Claims Court. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review de novo a district court's finding that plaintiff failed to establish a prima facie case of discriminatory impact. Clady v. Los Angeles County, 770 F.2d 1421, 1427 (9th Cir.1985), cert. denied, 475 U.S. 1109 (1986).
 
 
 4
 Title VII was not amended to include federal employees until March 24, 1972. 42 U.S.C. Sec. 2000e-16; Revis v. Laird, 627 F.2d 982, 983 (9th Cir.1980). Consequently, events which took place prior to March 24, 1972 are not actionable except as part of a pattern of discrimination continuing after that date. See Williams v. Owens-Illinois, 665 F.2d 918, 924 (9th Cir.), cert. denied, 459 U.S. 971 (1982). To establish a prima facie case of disparate impact, a plaintiff must show that "a business practice, neutral on its face, had a substantial, adverse impact on some group protected by Title VII." Robinson v. Adams, 847 F.2d 1315, 1317-18 (9th Cir.1988), cert. denied, 109 S.Ct. 3155 (1989). Plaintiff must generally show both that the protected group is not hired or promoted in proportion to its percentage in the pool of qualified employees and a causal link between the hiring or promotion practice and the under-representation. See Wards Cove Packing Co., Inc. v. Atonio, 109 S.Ct. 2115, 2123-24 (1989); Robinson, 847 F.2d at 1318.
 
 
 5
 Douglas' amended complaint alleged that his 1971 transfer from the wage grade pay scale to the general schedule pay scale resulted in a loss of compensation and was racially motivated. The transfer occurred before the amendment of Title VII and so is not actionable except as part of a continuing discriminatory pattern and practice of promotion. See Williams, 665 F.2d at 924.
 
 
 6
 Douglas also alleged that the Army's pattern and practice of promotion had a disparate impact on black employees. Nonetheless, he did not introduce any statistical evidence to show that black employees were promoted differently than other employees, or even that any black employees had applied for the positions from which they were allegedly precluded. He also failed to show any causal link between the Army's promotion practices and the fact that no blacks held upper management positions at the lab in which Douglas was employed.
 
 
 7
 Therefore, the district court did not err by finding that Douglas failed to establish a prima facie case of disparate impact. See Robinson, 847 F.2d at 1318.
 
 
 8
 Douglas did not appeal the dismissal of his breach of contract and tort claims, but contends that the district court should have transferred those claims to the United States Claims Court sua sponte. He failed to raise this claim in the district court and does not allege any exceptional circumstance explaining his failure to do so. He has not shown that manifest injustice will ensue if this court declines to consider the transfer issue. Consequently, he may not raise it for the first time on appeal. See Huettig & Schramm, Inc. v. Landscape Contractors Council of Northern California, 790 F.2d 1421, 1426 (9th Cir.1986); United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3