937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel L. EDWARDS, Plaintiff-Appellee,
v.
Constance HORNER, Director Office of Personnel Management,
Defendant-Appellee.
 No. 90-4022.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1991.
 
 Before MERRITT, Chief Judge, RALPH B. GUY, JR., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Daniel Edwards, appeals the district court's order that plaintiff's appeal of the final decision of the Merit Systems Protection Board (MSPB) was not within the subject matter jurisdiction of the district court pursuant to 5 U.S.C. Sec. 7702. Plaintiff also appeals the court's dismissal of his claim under the Privacy Act, 5 U.S.C. Sec. 552a, as barred by the statute of limitations. We affirm.
 
 I.
 
 2
 Plaintiff is a former civilian employee of the United States Department of the Air Force who was covered by the Civil Service Retirement System (CSRS), 5 U.S.C. Sec. 8331. He was discharged from employment in 1962, at which time he applied to the former Civil Service Commission (CSC) for a lump-sum refund of his civil service retirement deductions from the Civil Service Retirement and Disability Fund. At that time he received a check in the amount of $7,009.60. The refund application clearly stated that he would forfeit his annuity rights by accepting a refund. Plaintiff was employed briefly by the Federal Government on two subsequent occasions, although never in a position covered by the CSRS.
 
 
 3
 In 1981, plaintiff, pursuant to 5 U.S.C. Sec. 8334(d), attempted by letter and formal application to redeposit the money he was given in his 1962 lump-sum payment. The application indicated that he was not then employed in a position subject to CSRS and had not been so employed since his 1962 Air Force job. This request was made in connection with plaintiff's application for disability retirement under CSRS. The Office of Personnel Management (OPM)[1] denied the application on grounds of untimeliness, and the MSPB affirmed that decision. Plaintiff never sought judicial review of this ruling.
 
 
 4
 In 1987, plaintiff filed an application with OPM for a deferred retirement annuity under 5 U.S.C. Sec. 8338(a), which permits retirement at age 62 by an individual "who is separated from the service" and has completed five years of civilian federal service. OPM denied the request, stating that plaintiff's 1962 lump-sum withdrawal had voided his annuity rights under CSRS, as outlined in 5 U.S.C. Sec. 8342(a), formerly 5 U.S.C. Sec. 2261(a) (1958 ed.). Plaintiff appealed the decision of OPM to the MSPB, pursuant to 5 U.S.C. Sec. 8347(d)(1), alleging that his discharge by the Air Force was for religious and age-based reasons, and that he had been coerced by his supervisors into applying for the refund of his retirement contributions.
 
 
 5
 The MSPB affirmed the decision of OPM, finding that "appellant was not reemployed in a position subject to civil service retirement coverage subsequent to his separation from the service in April 1962; nor does the record show that he made any attempt to redeposit his prior retirement contributions during any of the above described post-1962 service." It further concluded that nothing in the application indicated coercion in his application for the refund. In a footnote, the MSPB indicated that plaintiff had made allegations of age and religious discrimination, but noted that in a prehearing order these issues were found "immaterial" to the appeal.
 
 
 6
 Plaintiff subsequently filed a petition with the Equal Employment Opportunity Commission (EEOC) for review of the MSPB decision on the grounds that the facts involved presented a "mixed case" involving a personnel action that is appealed on the basis of both discriminatory and non-discriminatory allegations. The EEOC declined to consider the complaint, finding that plaintiff had failed to raise any allegation of discrimination in connection with the actual denial by OPM of the deferred annuity.
 
 
 7
 Plaintiff thereupon filed this action in federal court. The district judge referred the case to a United States magistrate, pursuant to 28 U.S.C. Sec. 636(b)(1)(B), for a report and recommendation. The magistrate issued the report on August 23, 1990, finding that the district court did not have subject matter jurisdiction over the case. On September 28, 1990, the district court adopted the magistrate's report and recommendation in its entirety and ordered the transfer of the case to the Federal Circuit, pursuant to 28 U.S.C. Sec. 1631. The district court also adopted the magistrate's recommendation with regard to plaintiff's claim under the Privacy Act that plaintiff initiated in 1987 in an effort to review various of his personnel records. The district judge thereupon dismissed that portion of the suit, finding that it was barred by the statute of limitations.
 
 II.
 
 8
 A. The District Court's Decision on Jurisdiction
 
 
 9
 In his appeal, plaintiff asserted as jurisdiction 5 U.S.C. Secs. 7702, 7703 and 42 U.S.C. Sec. 2000e. The district court concluded that it did not have jurisdiction and transferred the case to the Court of Appeals for the Federal Circuit, pursuant to section 7703. We agree with this decision.
 
 Section 7702 states, in relevant part:
 
 10
 (a)(1) Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who--
 
 
 11
 (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
 
 
 12
 (B) alleges that a basis for the action was discrimination prohibited by--
 
 
 13
 (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
 
 
 14
 (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
 
 
 15
 (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
 
 
 16
 (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
 
 
 17
 (v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,
 
 
 18
 the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.
 
 
 19
 As this language makes clear, the types of appeals arising under this statute must be of the "mixed case" variety,[2] relating not only to an action that is appealable to the MSPB but also that the basis for this action was discrimination prohibited by one of the listed statutes. "[A] case under Sec. 7702 must involve a specific type of action against an employee which may be appealed to the MSPB and an allegation in the nature of an affirmative defense that a basis for the action was discrimination within one of the categories above listed. Cases falling within Sec. 7702 have been termed 'mixed.' " Williams v. Department of the Army, 715 F.2d 1485, 1487 (Fed.Cir.1983). Without such an allegation of discrimination sufficient to establish a "mixed case" jurisdiction, "petitions for judicial review of MSPB action are filed in the Court of Appeals for the Federal Circuit and are reviewed on the administrative record." Romain v. Shear, 799 F.2d 1416, 1421 (9th Cir.1986), cert. denied, 481 U.S. 1050 (1987).
 
 
 20
 In the present case, plaintiff claims discrimination in the decision surrounding his departure from employment in 1962 and his resulting decision to withdraw from the system. He is not claiming, as he must in order to attain jurisdiction in federal district court, that the decision by OPM not to allow him to re-enroll and receive his annuity was premised on these alleged violations of age and religious discrimination statutes.[3] Moreover, as the magistrate accurately concluded, the statutes on which plaintiff based his age and religious discrimination charges, 42 U.S.C. Sec. 2000e-16, Title VII of the Civil Rights Act of 1964, were not made applicable to federal employees until 1972 and covered only actions which were pending administratively or judicially on the date the legislation was enacted. See Revis v. Laird, 627 F.2d 982, 983 (9th Cir.1980) ("We decline to give Title VII retroactive effect where appellant had no claim, administrative or judicial, pending on March 24, 1972, to which he could append a Title VII cause of action."); Clarke v. Goode, 499 F.2d 130, 132-33 (4th Cir.1974). As plaintiff had no such appeals pending on that date, it would be impossible for him to demonstrate a valid "mixed case" appeal over which this court would have jurisdiction. As a result, the district court was correct when it adopted the magistrate's determination that plaintiff's appeal lies with the Federal Circuit.
 
 
 21
 Additionally, plaintiff raises several unrelated charges in his appeal, including allegations of a denial of sick leave by the Air Force, Freedom of Information Act violations, and other unspecified general allegations. We find that plaintiff clearly limited the scope of the present suit to his claim that his application for a refund of his deductions had been coerced and to challenging the decision denying his request to redeposit the money and receive a deferred annuity. We therefore agree with the district court's determination that "[t]he only real claim he raises here is his entitlement to a retirement benefit.... The Magistrate does not believe it is necessary to consider all these hypothetical claims, since Mr. Edwards had made clear in his Memorandum in Opposition what claims he is pursuing."
 
 B. The Privacy Act Claim
 
 22
 Plaintiff also appeals the dismissal of his claim under the Privacy Act, 5 U.S.C. Sec. 552a. Plaintiff sought to amend records contained in his Official Personnel Folder by adding materials relating to the termination of his employment, such as appeals, correspondence, forms, and memoranda relating to his attempts to obtain pension benefits.
 
 
 23
 Section 552a(g)(1) allows an individual to sue in federal district court any agency that does not comply with a request for amending or viewing its records. That statute states in pertinent part:
 
 Whenever any agency
 
 24
 (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
 
 
 25
 (B) refuses to comply with an individual request under subsection (d)(1) of this section;
 
 
 26
 (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
 
 
 27
 (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
 
 
 28
 the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.
 
 
 29
 The statute also establishes a time limit in which such actions may be brought, however. Section 522a(g)(5) states that any action under this section may be brought "within two years from the date on which the cause of action arises."
 
 
 30
 A cause of action is considered to have arisen in the case of a denial of a request to amend records under 5 U.S.C. Sec. 552a(d)(2), when the agency issues a final decision on the matter and when "a person knows or has reason to know that the request has been denied." Englerius v. Veterans Admin., 837 F.2d 895 (9th Cir.1988) (joining the Seventh, Tenth, and D.C. Circuits in adopting this standard).
 
 
 31
 In the instant case, plaintiff received an initial decision, dated March 4, 1987, denying certain of his requests. On March 23, 1987, plaintiff was informed that OPM's Retirement and Insurance Group had decided to add documents relating to civil service retirement matters to his retirement records, while at the same time informing him that inclusion of those document in his records would not alter the previous OPM decision relating to the CSRS annuity. On April 28, 1987, the March 4 decision was affirmed by OPM's Office of General Counsel. Plaintiff filed a statement of disagreement with OPM's denial of a portion of his requests in a letter dated May 15, 1987. In that letter he confirmed that he had received OPM's decision on May 4, 1987. He did not file the instant action until June 16, 1989, after the two-year statute of limitations had run.
 
 
 32
 Plaintiff makes several vague and unsupported allegations of impropriety and lack of disclosure by OPM regarding the decisions concerning his personnel records. However, we find nothing beyond these mere allegations to indicate such misconduct, and therefore agree with the district court's conclusion that plaintiff's appeal on this matter is barred.
 
 
 33
 AFFIRMED.
 
 
 
 [1]
 The named defendant is Constance Horner, who, at the time of the filing of this action, was the director of OPM. She has since been succeeded by Constance Newman. For purposes of this appeal, we will refer to defendant as OPM
 
 
 [2]
 Mixed cases are those "in which both nondiscrimination and discrimination claims are raised." Christo v. MSPB, 667 F.2d 882, 884 n. 1 (10th Cir.1981)
 
 
 [3]
 While plaintiff did make allegations of discriminatory actions by the CSC with regard to other matters, these do not relate to the action appealed to the MSPB and, therefore, are not before us